LYNN HUBBARD, III, SBN 69773
**SCOTTLYNN J HUBBARD, IV, SBN 212970**
**DISABLED ADVOCACY GROUP, APLC**
12 WILLIAMSBURG LANE
CHICO, CA. 95926
Telephone: (530) 895-3252
Facsimile: (530) 894-8244

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DODSON, | No. |
| Plaintiff, | |
| vs. | **Plaintiff's Complaint** |
| CM MANAGEMENT, LLC dba CASH 1; ALI A. MOHAMMAD; YOUNG A.E. MOHAMMAD, | |
| Defendants. | |

<u>Dodson v. Cash 1</u>
Plaintiff's  Complaint

Page 1

# I. SUMMARY

1. This is a civil rights action by plaintiff Robert Dodson ("Dodson") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Cash 1
1600 West El Camino Avenue
Sacramento, CA 95820
(hereafter "the Service Establishment")

2. Dodson seeks exemplary damages, injunctive and declaratory relief, attorney fees and costs, against CM Management, LLC dba Cash 1; Ali A. Mohammad; Young A.E. Mohammad (collectively "Cash 1") pursuant to the Americans with Disabilities Act of 1990,( 42 U.S.C. §§ 12101 et seq.), and related California statutes.

# II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5. Dodson's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

# III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

**Dodson v. Cash 1**
**Plaintiff's   Complaint**

## IV. PARTIES

7. Cash 1 owns, operates, or leases the Service Establishment, and consists of a person (or persons), firm, or corporation.

8. Dodson is a quadriplegic as a result of a swimming accident and requires the use of an electric wheelchair when traveling about in public Consequently, Dodson is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9. The Service Establishment is open to the public, which is intended for nonresidential use and whose operation affects commerce.

10. Dodson visited the Service Establishment and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. To the extent known by Dodson attached as Exhibit A to this complaint is a true and accurate list (with photos) of barriers that denied his access to the Service Establishment.

11. Dodson was also deterred from visiting the Service Establishment because he knew that the Service Establishment's goods, services, facilities, privileges, advantages, and accommodations at the Service Establishment were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Service Establishment because of the future threats of injury created by these barriers.

12. Dodson also encountered barriers at the Service Establishment, which violate state and federal law, but were unrelated to his disability; these unrelated barriers are included within Exhibit A as a courtesy to the

**Dodson v. Cash 1**
**Plaintiff's   Complaint**

1  defendants, so the defendants can avoid inadvertent acts of discrimination
2  against the disabled. Nothing within this complaint, however, should be
3  construed as an allegation that Dodson is seeking to remove barriers
4  unrelated to his disability.

5      13.   Cash 1 knew that these elements and areas of the Service
6  Establishment were inaccessible, violate state and federal law, and interfere
7  with (or deny) access to the physically disabled.  Moreover, defendants have
8  the financial resources to remove these barriers from the Service
9  Establishment (without much difficulty or expense), and make the facility
10 accessible to the physically disabled.  To date, however, CM Management,
11 LLC dba Cash 1; Ali A. Mohammad; Young A.E. Mohammad (collectively
12 "Cash 1") refuse to either remove those barriers or seek an unreasonable
13 hardship exemption to excuse non-compliance.

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990

<u>Denial of "Full and Equal" Enjoyment and Use</u>

17     14.   Dodson incorporates the allegations contained in paragraphs 1
18 through 13 for this claim.

19     15.   Title III of the ADA holds as a 'general rule' that no individual
20 shall be discriminated against on the basis of disability in the full and equal
21 enjoyment (or use) of goods, services, facilities, privileges, and
22 accommodations offered by any person who owns, operates, or leases a
23 place of public accommodation. 42 U.S.C. § 12182(a).

24     16.   Cash 1 discriminated against Dodson by denying "full and
25 equal enjoyment" and use of the goods, services, facilities, privileges or
26 accommodations of The Service Establishment during each visit and each
27 incident of deterrence.

**Dodson v. Cash 1**
**Plaintiff's   Complaint**

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

17. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).  The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." <u>Id.</u> § 12181(9).

18. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. <u>Id.</u> § 12182(b)(2)(A)(v).

19. Here, Dodson alleges that Cash 1 can easily remove the architectural barriers at the Service Establishment without much difficulty or expense, and that Cash 1 violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

20. In the alternative, if it was not "readily achievable" for Cash 1 to remove the Service Establishment's barriers, then Cash 1 violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

21. On information and belief, the Service Establishment was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

22. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

**Dodson v. Cash 1**
**Plaintiff's   Complaint**

Page 5

23. Here, Cash 1 violated the ADA by designing or constructing (or both) the Service Establishment in a manner that was not readily accessible to the physically disabled public—including Dodson—when it was structurally practical to do so.[1]

<u>Failure to Make an Altered Facility Accessible</u>

24. On information and belief, the Service Establishment was modified after January 26, 1992, independently triggering access requirements under the ADA.

25. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. <u>Id.</u>

26. Here, Cash 1 altered the Service Establishment in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Dodson—to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

27. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

---

[1] Nothing within complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

**Dodson v. Cash 1**
**Plaintiff's   Complaint**

Page 6

1     28.    Here, Cash 1 violated the ADA by failing to make reasonable
2 modifications in policies, practices, or procedures at the Service
3 Establishment, when these modifications were necessary to afford (and
4 would not fundamentally alter the nature of) these goods, services, facilities,
5 or accommodations.
6     29.    Dodson seeks all relief available under the ADA (*i.e.*, injunctive
7 relief, attorney fees, costs, legal expense) for these aforementioned
8 violations. 42 U.S.C. § 12205.
9     30.    Dodson also seeks a finding from this Court (*i.e.,* declaratory
10 relief) that Cash 1 violated the ADA in order to pursue damages under
11 California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CLAIM

### Disabled Persons Act

14    31.    Dodson incorporates the allegations contained in paragraphs 1
15 through 30 for this claim.
16    32.    California Civil Code § 54 states, in part, that: Individuals with
17 disabilities have the same right as the general public to the full and free use
18 of the streets, sidewalks, walkways, public buildings and facilities, and other
19 public places.
20    33.    California Civil Code § 54.1 also states, in part, that:
21 Individuals with disabilities shall be entitled to full and equal access to
22 accommodations, facilities, telephone facilities, places of public
23 accommodation, and other places to which the general public is invited.
24    34.    Both sections specifically incorporate (by reference) an
25 individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).
26    35.    Here, Cash 1 discriminated against the physically disabled
27 public—including Dodson—by denying them full and equal access to the

**Dodson v. Cash 1**
Plaintiff's   Complaint

Page 7

Service Establishment. Cash 1 also violated Dodson's rights under the ADA, and, therefore, infringed upon or violated (or both) Dodson's rights under the Disabled Persons Act.

36. <u>For each offense</u> of the Disabled Persons Act, Dodson seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

37. He also seeks to enjoin Cash 1 from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM
### Unruh Civil Rights Act

38. Dodson incorporates the allegations contained in paragraphs 1 through 30 for this claim.

39. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

40. California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

41. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

42. Cash 1's aforementioned acts and omissions denied the physically disabled public—including Dodson—full and equal

<u>Dodson v. Cash 1</u>
**Plaintiff's   Complaint**

accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

43. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Dodson by violating the Unruh Act.

44. Dodson was damaged by Cash 1's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

45. Dodson also seeks to enjoin Cash 1 from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

46. Dodson incorporates the allegations contained in paragraphs 1 through 13 for this claim.

47. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

48. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

49. Dodson alleges the Service Establishment is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Service Establishment was not exempt under Health and Safety Code § 19956.

**Dodson v. Cash 1**
**Plaintiff's   Complaint**

50. Cash 1's non-compliance with these requirements at the Service Establishment aggrieved (or potentially aggrieved) Dodson and other persons with physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. PRAYER FOR RELIEF

WHEREFORE, Dodson prays judgment against Cash 1 for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.
2. Declaratory relief that Cash 1 violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.
3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to the proof.
4. Attorneys' fees, litigation expenses, and costs of suit.[2]
5. Interest at the legal rate from the date of the filing of this action.
6. Such other and further relief as the court may deem proper.

DATED: October 5, 2006        DISABLED ADVOCACY GROUP, APLC

    /s/ Scottlynn J Hubbard, IV, Esq.    /
SCOTTLYNN J HUBBARD, IV
Attorney for Plaintiff

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

**Dodson v. Cash 1**
**Plaintiff's Complaint**